**Yochanan John CARBERRY, Plaintiff,**

v.

**Frederick HESS, et al., Defendants.**

**Civ. A. No. 89–3096.**

United States District Court,
District of Columbia.

June 29, 1990.

Yochanan John Carberry, pro se.

Asst. U.S. Atty. W. Mark Nebeker, Washington, D.C., for defendants.

## ORDER

JOYCE HENS GREEN, District Judge.

This case comes before the Court on defendants' motion to dismiss, or in the alternative, for summary judgment. For the reasons stated below, defendants' motion to dismiss is granted.

## I. BACKGROUND

On March 25, 1988, *pro se* plaintiff Yochanan John Carberry, a former state and federal prisoner, was transferred from the United States to the United Kingdom at his own request, pursuant to the Repatriation of Prisoners Act of 1984. He is currently incarcerated at H.M. Prison Swaleside, Eastchurch, Kent England.

On November 13, 1989, plaintiff filed the instant complaint against several federal officials, in their official and individual capacities, alleging violations of his Sixth and Eighth Amendment rights and his civil rights under 42 U.S.C. § 1983. On February 13, 1990, defendants filed a motion to

dismiss, or in the alternative, for summary judgment. Plaintiff filed an opposition to defendants' motion on May 2, 1990, several weeks after this Court denied his request to be returned to the United States to advance presentation of this case.

## II. DISCUSSION

Defendants assert a number of grounds in support of their motion to dismiss including: lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of process, insufficiency of service, and failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b). Because the Court agrees that subject matter jurisdiction is lacking, defendants' other arguments need not be reached.

Resolution of defendants' subject matter jurisdiction argument turns on the proper characterization of plaintiff's complaint. Section 3244 of Title 18 entitled "Jurisdiction of proceedings relating to transferred offenders" provides:

> When a treaty is in effect between the United States and a foreign country providing for the transfer of convicted offenders—
>
> .        .        .        .        .
>
> (4) All proceedings instituted by or on behalf of an offender seeking to challenge the validity or legality of the offender's transfer from the United States shall be brought in the United States district court of the district in which the proceedings to determine the validity of the offender's consent were held and shall name the Attorney General as respondent ...

18 U.S.C. § 3244(4).

The proceedings to determine the validity of plaintiff's consent were held by a United States Magistrate for the Western District of Oklahoma, Oklahoma City, Oklahoma. Accordingly, if plaintiff's complaint is characterized as one which challenges the validity or legality of his transfer, plaintiff's case must be dismissed for lack of subject matter jurisdiction.

Plaintiff contends that he is not challenging the validity or legality of his transfer, but rather, he is alleging that defendants, through their negligence, have violated and deprived him of his constitutional rights. Opposition to Defendants' Motion to Dismiss, or in the Alternative for Summary Judgment ("Opposition"), at 2.[1] Despite plaintiff's characterization, an examination of the five claims for relief, set forth in plaintiff's complaint, indicates that plaintiff's cause of action, in essence, challenges the validity and legality of the transfer.

In his first claim for relief, plaintiff alleges that the operation and effect of defendants' failure to make necessary inquiries violated his Sixth Amendment rights. Complaint, at 9. According to plaintiff, defendants did not verify that his consent was voluntary, or that his judgment was final. Moreover, plaintiff contends that he was not given adequate information regarding his transfer. *Id.* at 5. The nature of plaintiff's consent to transfer, as well as procedural mechanisms of plaintiff's transfer, significantly relate to the validity and legality of his transfer.

In his second claim for relief, plaintiff alleges that the operation and effect of defendants' failure to follow Section 1(4)(e) and Section (6) of the Repatriation Act has caused him a deprivation of rights secured to him by the Eighth Amendment. *Id.* at 9. The Repatriation Act provides, in part, that a prisoner should be supplied with information regarding the substance of the transfer. Plaintiff contends that the United States Government failed to inform him of the abominable conditions within the British prison system; therefore, the Government is responsible for subjecting him to cruel and unusual punishment. *Id.* at 7. Plaintiff's allegations of uninformed consent, which provide the basis for his Eighth Amendment allegations, directly attack the validity and legality of his transfer.

---

**1.** Plaintiff did not paginate his documents. Therefore, plaintiff's documents have been pag-

inated by this Court.

In plaintiff's third claim for relief, he contends that he is being denied equal protection of the law because his imprisonment abroad denies him access to American law. *Id.* at 10. Plaintiff claims that all other persons under the jurisdiction of the Department of Justice have legal access. *Id.* at 8. The argument that his transfer resulted in a deprivation of equal protection of the law constitutes a challenge to the legality of the transfer itself.

Similarly, in his fourth claim for relief, plaintiff alleges that the operation and effect of 18 U.S.C. § 4107(b)(2) has caused him and will continue to cause him a deprivation of rights secured to him by the United States Constitution. *Id.* at 10. 18 U.S.C. § 4107(b)(2) subjects plaintiff to the laws of the United Kingdom.[2] Plaintiff contends that, instead, he is entitled to the protection of the United States Constitution as promised by a United States Magistrate who handled his case.[3] Moreover, plaintiff argues that he cannot consent to waive his constitutional rights. Opposition, at 4. In challenging a statutory provision of his transfer as unconstitutional, plaintiff challenges the legality of his transfer.

In his fifth claim for relief, plaintiff contends that his contract to transfer should be considered void because the British authorities changed his release date. Complaint, at 10. This final allegation addresses the validity of plaintiff's transfer by challenging the validity of his transfer contract.

In sum, the five claims for relief, as set forth in plaintiff's complaint, all relate significantly to the validity or legality of his transfer. Nonetheless, plaintiff adamantly contends that he is not disputing his transfer per se. In support of plaintiff's characterization, his prayer for relief requests a combination of equitable relief and monetary damages arising from civil rights violations; he does not include a specific request to transfer. *Id.* at 11. Moreover, plaintiff claims he is alleging civil rights violations which took place outside the jurisdiction of the District of Oklahoma. *Id.* at 2.

While plaintiff's characterization of his own complaint merits respect, this Court cannot ignore the fact that the alleged civil rights violations, in effect, constitute a challenge to the validity or legality of his transfer. Section 3244(4) of Title 18 limits jurisdiction for all proceedings challenging the validity or legality of transfer to the district which initially handled the validation of plaintiff's consent. Here, consent proceedings were held by a Magistrate in the Western District of Oklahoma. Accordingly, this Court shall grant defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to 18 U.S.C. § 3244(4).[4]

### III. CONCLUSION

For the reasons stated above, it is hereby

ORDERED that defendants' motion to dismiss is granted and this case stands dismissed.[5]

IT IS SO ORDERED.

---

**2.** Under 18 U.S.C. § 4107(b)(2), "the sentence shall be carried out according to the laws of the country to which he is transferred and that those laws are subject to change."

**3.** *See* Opposition, at 2 (quoting transcript from plaintiff's verification hearings):
Plaintiff: Your honor, I mean you are saying that I give up my constitutional rights just to file anything or anything that comes up.

Magistrate: No. I'm not saying that.

**4.** In light of this ruling, resolution of defendants' motion for a protective order, filed on February 26, 1990, need not be reached.

**5.** Plaintiff is not precluded from filing his complaint in the appropriate forum.